### PATTERSON v. POWELL.

(City Court of New York, General Term.   March 2, 1900.)

ATTORNEY AND CLIENT—FAILURE TO PLEAD STATUTE OF FRAUDS.

Where it had been twice decided by the court of appeals that the defense of the statute of frauds must be pleaded in order to be available, the failure thereafter of an attorney to plead same in an action in which his client intended to rely thereon as a defense not only rendered the attorney's services valueless, but he also became liable to his client for the damages resulting from such neglect.

Appeal from trial term.

Action by Charles G. Patterson against Seneca D. Powell. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Walter K. Barton, for appellant.

Robert C. Taylor, for respondent.

FITZSIMONS, C. J.   In view of the decision of the court of appeals in the case of Porter v. Wormser, 94 N. Y. 431, which was decided prior to the drawing of the answer by plaintiff in Crane v. Powell, 34 N. E. 911, and also the decision of the same court in Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, decided subsequent to the service of said answer, but before the trial of said action, it was clearly the duty of plaintiff, as defendant's lawyer, to set up in said answer affirmatively the statute of frauds, as that was the defense he intended to rely upon, and which was not available because of his failure to allege it in the answer drawn and served by him as defendant's attorney in said action. His failure to do so was clearly a negligent act, and rendered all of the services rendered by him as such attorney valueless; besides, defendant, because of such negligence, had the right to recover from him all damages consequent upon such negligent act. In this case such damages, as the record shows, amounted to the sum of over $1,800, set up as a counterclaim herein.

In our judgment, the trial justice was right in dismissing the complaint, and directing judgment in defendant's favor upon the counterclaim; and said judgment must be affirmed, with costs. All concur.